# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLES BURGESS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No.:5:21-cv-00187-ACA-HNJ |
| | ) |
| **MATT GENTRY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report recommending that Plaintiff Charles Burgess' claims be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 6). The magistrate judge advised Mr. Burgess of his right to file specific written objections within fourteen days. (*Id.* at 12–13).

The court sent a copy of the report and recommendation to Mr. Burgess at his address of record, but it was returned to the court as undeliverable. (Doc. 7). The magistrate judge located Mr. Burgess at the Morgan County Jail, directed the Clerk to update Mr. Burgess' address and send a copy of the report and recommendation to his updated address, and allowed Mr. Burgess an additional fourteen days to file objections. (Doc. 8). Mr. Burgess filed a notice of change of address which,

construed liberally, contains arguments the court considers objections to the report and recommendation. (Doc. 9).

Mr. Burgess alleges that after his jury trial on two burglary charges began, he "was essentially intimidated into taking a plea deal," and that Assistant District Attorney Jeffery Roberts and Judge Martha Williams prosecuted this action under a conflict of interest. (Doc. 9 at 1). Because Mr. Roberts and Judge Williams are immune from suit, Mr. Burgess' objections are due to be overruled.

The law provides judges with absolute immunity for actions they take in their role as judges. *McCullough v. Finley*, 907 F.3d 1324, 1331–32 (11th Cir. 2018). Even if a judge's motivation for an action stems from malice or corruption, the judge still enjoys absolute judicial immunity from suit. *Id*. at 1332 (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)). Prosecutors are also "entitled to absolute immunity for all actions [taken] while performing . . . as an advocate for the government," including "the initiation and pursuit of criminal prosecution." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004).

Mr. Burgess' § 1983 claims against Judge Williams and Mr. Roberts arise out of his criminal prosecution, during which both defendants were acting in their respective capacities as judge and prosecutor. Accordingly, Judge Williams and Mr. Roberts are immune from Mr. Burgess' suit against them. To the extent Mr. Burgess seeks review of the Cullman County courts' actions, he must pursue

those claims through the appellate courts of Alabama. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding a § 1983 challenge to state court criminal decision "is nothing but a 'prohibited appeal of the state court judgment'") (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)); *see also Seigel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) ("[F]ederal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts.")

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Mr. Burgess' objections, the court **WILL OVERRULE** the objections, **ADOPT** the magistrate judge's report and **ACCEPT** his recommendation. The court **WILL DISMISS** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief may be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** this May 7, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE